# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

| | |
|---|---|
| MCI TELECOMMUNICATIONS SERVICES, INC., d/b/a VERIZON BUSINESS SERVICES, </br></br>Plaintiff, </br></br>v. </br></br>THE READLYN TELEPHONE COMPANY, </br></br>Defendant, | No. C09-2035 |
| THE READLYN TELEPHONE COMPANY, </br></br>Plaintiff, </br></br>v. </br></br>MCI COMMUNICATIONS SERVICES, INC. d/b/a VERIZON BUSINESS SERVICES, </br></br>Defendant. | ORDER </br></br> No. C09-2053 |

This matter is before the court on defendant Verizon Business Services' (Verizon) resisted Motion to Dismiss Count 4 of The Readlyn Telephone Company's (Readlyn) Counterclaims, filed December 7, 2009. Denied.

In 09-2035, Plaintiff MCI Communications Services d/b/a Verizon Business Services (Verizon), a Delaware corporation with its principal place of business in Ashburn, Virginia, brings this action against defendant Readlyn Telephone

Company, an Iowa corporation with its principal place of business in Readlyn, Iowa, in the following counts:

Count 1: Unlawful imposition of charges for untariffed services [47 USC §§ 203, 206, 207].

Count 2: Scheme to extract inflated access charges [47 USC §§ 201(b), 206, 207].

Count 3: Unjust enrichment.

Readlyn counterclaims as follows:

Counterclaim Count 1: Breach of Tariffs.

Counterclaim Count 2: Alternative Claim for Quantum Meruit or Implied Contract in Fact.

Counterclaim Count 3: Alternative Claim for Unjust Enrichment or Implied Contract in Law.

Counterclaim Count 4: Conversion.

In 09-2053, Readlyn brings an action against Verizon in the following Counts:

Count 1: Breach of Tariffs/filed rate response.

Count 2. Violation of 47 USC §201(b).

Verizon counterclaims, raising and incorporating its claims in 09-2035 by reference.

09-2053 was initially filed in the US District Court for the District of Columbia, and transferred here pursuant to 28 USC §1404 by that court's order of October 5,

2009. 09-2053 was consolidated with 09-2035 pursuant to this court's order of October 26, 2009.

The court has jurisdiction pursuant to 28 USC §§ 1331 and 1332.

Verizon seeks dismissal of Readlyn's Counterclaim Count 4 (conversion) pursuant to FRCP 12(b)(6), asserting that a claim for ordinary debt or failure to pay for services cannot serve as the basis for a conversion claim. Additionally, Verizon asserts that Readlyn consented to Verizon's use of services purportedly provided by Readlyn, and that consent is a bar to Readlyn's conversion counterclaim.

> In considering a motion to dismiss, we must assume that all the facts alleged in the complaint are true. Conley v. Gibson, 355 U.S. 41, 45-46 (1957). The complaint must be liberally construed in the light most favorable to the plaintiff. Fusco v. Xerox Corp., 676 F.2d 332, 334 (8th Cir.1982). A Rule 12(b)(6) motion to dismiss a complaint should not be granted unless it appears beyond a doubt that the plaintiff can prove no set of facts which would entitle the plaintiff to relief. Morton v. Becker, 793 F.2d 185, 187 (8th Cir.1986).

Coleman v. Watt, 40 F3d 255, 258 (8th Cir. 1994).

In its counterclaim for conversion, Readlyn pleads that Verizon intentionally used Readlyn's telephone facilities without compensation, wrongfully exerting dominion over Readlyn's property, denying Readlyn the right to determine how its property may be utilized.

It is the court's view that in light of the FRCP 12(b)(6) standards, and the nature of conversion standards thoroughly discussed in McLeodUSA Telecommunications Services, Inc., v. Qwest Corp., 469 FS2d 677, 698-702 (ND IA 2007), the motion to dismiss Count 4 of Readlyn's Counterclaim should be denied.

3

It is therefore

ORDERED

Denied.

June 23, 2010.

					Edward J. McManus, Judge
					UNITED STATES DISTRICT COURT